Martin, J.
delivered the opinion of the court.
[90] This is a petitory action; the plaintiffs sue to recover about 500 acres of land, (part of a larger tract) which they allege the defendant has taken into his possession and illegally detains from them. They claim to be the owners of the larger tract, of which the locus in quo forms a part, in virtue of a written title made in favor of their ancestor by Aubrey, the French commandant of Louisiana in 1765, situated north of Lake Pontchartrain and west of Pearl River, in the parish of'St. Tammany.
The defendant pleaded a general denial; and put the plaintiffs on strict proof of their demand.
' The only evidence of the plaintiffs’ title consisted of a document which they call a grant, and which bears the signatures of Aubrey, the French King’s commandant, and of Foucault acting as ordonnate->r in the province of Louisiana. The plaintiffs also claim title by the prescription of 30 years. The document offered as evidence of title, is simply the certificate of Aubrey and Foucault, who “ certify to whomsoever it may belong, that Mrs. Marie René Ohenet, widow of the late Francois Rilleux, has during 24 years been in the peaceable enjoyment and possession of a tiact of land situated north of Lake Pontchartrain, between Bayou Bonfoucas and Pearl River; and that said tract of land, a great part whereof consists of muddy meadows (prairies tremblantes) altogether impracticable; being insufficient on account of the small quantity of pasture to be. found in the pine land, she was in the necessity of purchasing in 1761, from the Biloxi Indians, all the practicable land, that said nation, owned between that of the said Dame Rillieux and Pearl River, in order to get pasturage necessary for at least 100 cows in such manner, that all the land possessed by said Dame, &c., during 24 years, and that which she acquired from the Biloxi nation of Indians since the year 1761, as above stated, form now an inlet inclosed by the low and muddy lands on the borders of Lake [91] Pontchartain, the Bayou Bonfoucas and Pearl River. In testimony whereof we have delivered the present certificate to the said Mrs. widow Rillieux to serve as the case may require. Given in the city of Mew Orleans, with the seal of our arms and the counter signatures of our secretaries, the 16th March 1765.” Signed “Aubrey” n. s.
“ “Foucault” n. s.
Countersigned
“ Soubie ” l. s.
“ Duvergé ” l. s.
When this document was offered to be read in evidence, the defendant’s counsel objected to its admission on the ground that at the time it bears date, the locus in quo made no part of the former province of Louisiana, which had been ceded to Great Britain under the name of West Florida; being on the north side of Lake Pontchartrain. On this ground the document in question was rejected as evidence; although the plaintiffs’ counsel stated that he was prepared with parol evidence to prove the possession of their ancestor and themselves.
*59 We are not ready to say that if this document was admissible before the oession, that it ceased to be so on account of that event. But it appears to ns, that there is a stronger objection to its admissibility, which is, that the French officers attest facts that do not appear to come within their official knowledge; at least it is not shown that they do. These officers speak of the possession of the plaintiffs’ ancestor, and of her purchase from a tribe of Indians. If the records of the department of either of them contained the (evidence of such purchase it ought to have been stated; otherwise there is a violent prescription that they certified on their own personal knowledge. In such a case they should have been sworn. The document was therefore properly rejected.
It does not appear that the parol evidence referred to in the bill of exception was actually offered. The court did not therefore in our opinion err in refusing to admit said document in evidence on this ground. The refusal of the court to admit this piece of evidence, was imroediatelyfollowed by a [92] judgment of nonsuit.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.